## YOUNG v. SHERIFF OF DADE COUNTY.
No. H. C. 2283.

Circuit Court, Dade County.
July 14, 1961.

John Martin Young, Jr., petitioner, in pro. per.

Richard E. Gerstein, State Attorney, for the respondent.

PHILLIP GOLDMAN, Circuit Judge.

John Martin Young, Jr., who is *serving* a sentence imposed by a United States court in the *United States Penitentiary* at *Atlanta, Georgia* has addressed to the criminal court of record of Dade County and to the Honorable Ben C. Willard, judge of said court, a document which he calls "Writ of Habeas Corpus Ad-Subjiciendum". It appears that the clerk of the criminal court of record on a casual inspection of such document considered that it should be treated as a petition for a writ of habeas corpus and delivered it to the clerk of this court, who likewise treated it as such. It has come before this division for action.

Actually the intent and purpose of the so-called "Writ of Habeas Corpus Ad-Subjiciendum" appears to be to demand the dismissal of certain charges pending against the petitioner in the criminal court of record on the ground that petitioner has de-

manded a trial of said charges in accordance with the Florida Statutes and such trial has been denied.

Whatever else may be said, it is manifest that this court has *no* jurisdiction in habeas corpus to pass upon such demand.

*The petition on its face shows that petitioner is not in the custody of the sheriff of Dade County named as respondent therein nor is he within the custody of any person subject to the jurisdiction of this court.* As previously noted, he is in the custody of the warden of the United States Penitentiary at Atlanta. Hence, the document prepared by petitioner cannot invoke the jurisdiction of this court in habeas corpus or in any other known proceedings.

Inasmuch as it does appear, however, that petitioner seeks to raise a question which the Dade County criminal court of record may be empowered to pass upon, it is ordered and adjudged that the writ of habeas corpus is denied and the petition denominated "Writ of Habeas Corpus Ad-Subjiciendum" be and it hereby is dismissed. However, the clerk of this court is directed to deliver the "petition" with a copy of this order to the clerk of the criminal court of record in and for Dade County for such action as that court may decide to take.